ROCH v. RANNEY.

(Supreme Court, Appellate Term. November 10, 1911.)

HUSBAND AND WIFE (§ 232*)—INJURY TO WIFE—AUTOMOBILE ACCIDENT—BURDEN OF PROOF.

In an action for loss of a wife's services, due to her being struck by defendant's automobile on a crowded thoroughfare, the burden is upon the plaintiff to establish that the accident charged was solely the result of the defendant's negligence.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 844–848; Dec. Dig. § 232.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Isaac Roch against Edward C. Ranney. From a judgment for plaintiff, defendant appeals. Judgment reversed, and new trial ordered.

Argued before SEABURY, GUY, and COHALAN, JJ.

Reno R. Billington (Harry K. Jacobs, of counsel), for appellant.
Samuel Ecker, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

SEABURY, J. This action was brought to recover for loss of services of plaintiff's wife, alleged to have been caused by personal injuries sustained by her as a result of the defendant's negligence in operating an automobile, together with disbursements and expenses necessarily made and incurred as a result thereof. The answer is in effect a general denial.

A review of the record fails to disclose that the injuries sustained by the plaintiff's wife were caused by the negligence of the defendant. Although many witnesses were called, it does not appear that any of them saw the defendant's automobile strike the plaintiff's wife. The place where the accident occurred was a crowded thoroughfare, and the testimony offered by the defendant was to the effect that the automobile did not strike the plaintiff's wife. The burden was upon the plaintiff to establish that the accident was solely the result of the defendant's negligence. The evidence offered did not fulfill this requirement. We think that the evidence offered was insufficient to charge the defendant.

As the judgment must be reversed for the reasons assigned, it is unnecessary to discuss the erroneous rulings of the court upon the question of damages.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.